### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KEITH SEVICK** | : | |
| 7135 Gillespie Street | : | |
| Philadelphia, Pennsylvania 19135 | : | CIVIL ACTION |
| | : | NO. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| **LIFE TIME, INC.** | : | |
| 2902 Corporate Place | : | |
| Chanhassen, Minnesota 55317 | : | |
| | : | |
| and | : | |
| | : | |
| **LTF CONSTRUCTION COMPANY,** | : | |
| **LLC d/b/a LIFE TIME** | : | |
| **CONSTRUCTION** | : | |
| 2902 Corporate Place | : | |
| Chanhassen, Minnesota 55317 | : | |
| | : | |
| Defendants. | : | |

### CIVIL ACTION COMPLAINT

1.      Federal jurisdiction in this action is predicated upon diversity of citizenship under the statutory authority of 28 U.S.C. § 1332.  The amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

2.      Plaintiff, Keith Sevick is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 7135 Gillespie Street, Philadelphia, PA 19135.

3.      Defendant, Life Time, Inc. (hereinafter "Defendant Life Time") is a corporation organized and existing under the laws of Minnesota, which maintains its principal place of business at 2902 Corporate Place, Chanhassen, MN 55317.

4.      Defendant, LTF Construction Company, LLC d/b/a Life Time Construction (hereinafter "Defendant LTF") is a corporation organized and existing under the laws of Delaware, which maintains its principal place of business at 2902 Corporate Place, Chanhassen, MN 55317.

5.      The accident that gives rise to this cause of action occurred at 145 Commons Way, Bridgewater, NJ 08807, in Somerset County, New Jersey (hereinafter referred to as the "job site").

6.      The job site consisted of new commercial construction of a Life Time Fitness Center, a health and wellness facility.

7.      Defendant LTF and/or Defendant Life Time were the general contractors for the job site.

8.      On February 19, 2019, Plaintiff was working in his capacity as a technician for AGL Foam Spray, LLC at the job site.

9.      On that date, Plaintiff and a coworker were tasked with installing fireproofing utilizing a pressurized spray machine which included a hose.

10.     The fireproofing material, made of a dense liquid, is stored in buckets until it is poured into the pressurized spray machine and then sprayed out from a hose.

11.     To ensure the unused liquid fireproofing buckets did not freeze, a bullet space heater (hereinafter "the heating unit") was set up to help keep the fireproofing material warm.

12.     In order to install the fireproofing applications, Plaintiff and his coworker also required an electrical source to energize the pressurized spray machine.

13.     The electrical outlets provided at the job site by Defendant Life Time and/or Defendant LTF were deficient and repeatedly "tripped," thereby preventing the pressurized spray machine from operating.

14.     Despite requesting assistance from Defendants, no other electrical source was provided to Plaintiff.

15.     Plaintiff and his coworker eventually plugged the pressurized spray installation equipment into an outlet located on the exterior of the heating unit.

16.     The heating unit outlet allowed Plaintiff and his coworker to utilize the pressurized equipment and apply fireproofing for which they were hired.

17.     Defendant Life Time and Defendant LTF permitted the use of the heating unit at the job site.

18.     Defendant Life Time and Defendant LTF permitted Plaintiff and his coworker to energize the pressurized spray machine via the heating unit.

19.     While Plaintiff and his coworker were using the pressurized sprayer to install the fireproofing, an unidentified person, believed to be the Safety Coordinator for Defendants, moved or allowed another to move the hose of the pressurized spray machine.

20.     The moving of the pressurized hose caused it to come into close proximity to the heating unit, creating a dangerous condition which was unknown to Plaintiff.

21.     Later, an unidentified agent, servant, employee, and/or workman of Defendant Life Time and/or Defendant LTF alerted Plaintiff that the hose was in close proximity to the heating unit.

22.     Plaintiff immediately attempted to move the pressurized hose away from the heating unit.  Upon grabbing the hose, Plaintiff felt sharp pain in the palm of his left hand due to pressurized fireproof shooting from the now damaged hose.

23.     As a result of the carelessness and negligence of Defendant Life Time and Defendant LTF, Plaintiff suffered severe and debilitating physical injuries.

24.     Defendant Life Time and Defendant LTF were engaged to build, erect, and construct a commercial property at the job site located at 145 Commons Way, Bridgewater, NJ, 08807.  These services included, but were not limited to, coordinating and undertaking proper safety procedures for the safety of all persons who accessed the job site, including Plaintiff.

25.     At all times relevant to this cause of action, Defendant Life Time, either directly or through affiliated companies, jointly and severally, owned, managed, maintained, possessed, operated, and/or controlled the physical property located at 145 Commons Way, Bridgewater, NJ, 08807.

26.     Defendant Life Time owed a duty to Plaintiff as a business invitee to exercise reasonable care in the use and maintenance of the job site.

27.     Defendant LTF owed a duty to Plaintiff to exercise reasonable care in the use and maintenance of the job site.

28.     Defendant Life Time and Defendant LTF knew, or should have known, that devastating injuries would result if persons, like Plaintiff, were subject to dangerous conditions including pressurized hoses coming into close contact with heating sources.

29.     Defendant Life Time and Defendant LTF failed to enact and enforce adequate policies and appropriate procedures for providing a workplace free from unreasonable hazards.

30.     Defendant Life Time and Defendant LTF failed to inspect the job site to ensure the heating unit was clear of any potential hazards.

31.     Defendant Life Time and Defendant LTF failed to warn Plaintiff with respect to the dangers known or discoverable to them.

32.     At all times relevant to this cause of action, Defendant Life Time and Defendant LTF acted by and through their agents, servants, employees, and/or workmen who were acting within their course of employment and scope of authority.

33.     As a direct and proximate cause of the carelessness and negligence of Defendant Life Time and Defendant LTF, Plaintiff suffered severe and catastrophic injuries, including, but not limited to:

a.  Complete traumatic transphalangeal amputation of left ring finger;

b.  Amputation of middle phalanx of left index finger;

c.  Amputation of middle phalanx of left middle finger;

d.  Traumatic compartment syndrome of left upper extremity;

e.  Nail bed ablation of the left index and middle fingers;

f.  Excision of left hand muscle;

g.  Inability to move left hand;

h.  No flexion or limited extension of fingers on left hand;

i.  Swelling over entire left hand;

j.  Punctate wound in palmar aspect of left hand in between the 3rd and 4th digits requiring drainage;

k.  Distal neurovascular deficit;

l.  Protruding proximal phalanx of the left ring finger requiring revision amputation;

m.  Irrigation and debridement of necrotic wound in the left palm;

n.  Multiple debridements of the necrotic tissue of the left index and middle fingers;

o.  Various revision surgeries to address bone protrusion of the left index and middle fingers;

     p.  Poor wound healing;

     q.  Wound opening;

     r.  Infection;

     s.  Complex wound closure with flap advancement over the left palm;

     t.  Scarring;

     u.  Pain and suffering;

     v.  Mental anguish;

     w.  Embarrassment;

     x.  Disfigurement;

     y.  Humiliation;

     z.  Loss of life's pleasures;

     aa. Medical expenses;

     bb. Lost wages;

     cc. Loss of earning capacity;

     dd. Impairment of activities of daily living; and

     ee. Various severe and painful bodily injuries as set out in Plaintiff's medical records.

34.    The accident was caused solely and exclusively by reason of the carelessness and negligence of Defendant Life Time and Defendant LTF and was due in no manner to any act or failure to act on the part of Plaintiff.

**COUNT I - NEGLIGENCE**

**PLAINTIFF, KEITH SEVICK v. DEFENDANT, LIFE TIME, INC.**

35.     Plaintiff hereby incorporates by reference the foregoing paragraphs of the within

Complaint as though the same were fully set forth at length herein.

36.     The aforesaid accident was caused by the carelessness and negligence of Defendant

Life Time which consisted of one or more of the following:

    a.   Failing to provide Plaintiff a safe place in which to work;

    b.   Failing to keep the job site and premises in a reasonably safe condition;

    c.   Failing to implement, oversee, and enforce procedures and guidelines with regard to the installation of the heating unit to protect invitees, including Plaintiff;

    d.   Failing to ensure the heating unit was positioned in a safe area and free from potential hazards;

    e.   Failing to timely and adequately inspect the job site and project for dangerous and hazardous conditions;

    f.   Failing to provide safe and working power sources free from unreasonable hazards;

    g.   Failing to de-energize the electricity when a dangerous condition was present;

    h.   Failing to de-energize construction equipment when a dangerous condition was present;

    i.   Failing to warn Plaintiff of the danger of energizing equipment from and near the heating unit;

    j.   Failing to remove the hose from close proximity to the heating unit before damage to the hose occurred;

    k.   Failing to timely inspect the job site and premises to discover a pressurized hose was in close proximity to the heating unit;

    l.   Allowing the pressurized equipment used by Plaintiff to be moved within close proximity of a heating source;

m.  Failing to promptly de-energize the heating unit when it was observed to be in close proximity to other construction equipment including the pressurized hose;

n.  Failing to identify and mitigate the dangerous condition of a damaged pressurized hose;

o.  Failing to adopt, enact, employ, and enforce proper and adequate safety programs, precautions, procedures, measures, and plans;

p.  Failing to cease and/or postpone project work until proper and necessary precautions could be taken to safeguard invitees, including Plaintiff;

q.  Failing to recommend, provide, and enforce frequent inspections of the job site and work area;

r.  Failing to adopt and/or enforce a site-specific safety plan;

s.  Failing to ensure that all contractors performed all work in accordance with OSHA regulations;

t.  Failing to establish and enforce safe work practices and procedures;

u.  Failing to ensure job safety practices and procedures took place;

v.  Failing to have an adequate pre-job worksite inspection program to discover hazardous conditions;

w.  Failing to prevent construction equipment from coming into close contact with the heating unit;

x.  Failing to inspect the job site and worksite to ensure the heating unit did not come into close proximity of the pressurized hose;

y.  Allowing the heating unit to be placed in a location which increased the likelihood of damage occurring to other construction equipment;

z.  Failing to intervene when construction equipment was moved creating a dangerous condition;

aa.  Failing to ensure that Plaintiff understood and was made aware of the hazards to which he might be exposed and the proper methods for avoiding such hazards;

bb.  Failing to provide safe and functional electricity to the job site;

8

cc. Failing to hire, train, and retain competent persons to recognize, identify, and mitigate dangerous conditions;

dd. Failing to select and retain a competent general contractor;

ee. Breaching its duties under the Restatement of the Law of Torts (Second), including §§ 343 and 343A;

ff. Breaching its duties under the Restatement of the Law of Torts (Second), including § 411; and

gg. Breaching its duties under the Restatement of the Law of Torts (Second), including §§ 416 and 427.

37.    As a direct, proximate, and foreseeable result of Defendant Life Time's carelessness and negligence, Plaintiff suffered severe injuries and damages as set forth above for which Defendant Life Time is liable.

WHEREFORE, Plaintiff, Keith Sevick, demands compensatory damages against Defendant, Life Time, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## COUNT II - NEGLIGENCE

### PLAINTIFF, KEITH SEVICK v. DEFENDANT, LTF CONSTRUCTION COMPANY, LLC d/b/a LIFE TIME CONSTRUCTION

38.    Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

39.    The aforesaid accident was caused by the carelessness and negligence of Defendant LTF which consisted of one or more of the following:

a. Failing to provide Plaintiff a safe place in which to work;

b. Failing to keep the job site and premises in a reasonably safe condition;

c.  Failing to implement, oversee, and enforce procedures and guidelines with regard to the installation of the heating unit to protect workers, including Plaintiff;

d.  Failing to ensure the heating unit was positioned in a safe area and free from potential hazards;

e.  Failing to timely and adequately inspect the job site and project for dangerous and hazardous conditions;

f.  Failing to provide safe and working power sources free from unreasonable hazards;

g.  Failing to de-energize the electricity when a dangerous condition was present;

h.  Failing to de-energize construction equipment when a dangerous condition was present;

i.  Failing to take safe and reasonable steps to mitigate against the known dangerous condition, namely, the hose being in close proximity of the heating unit;

j.  Failing to warn Plaintiff of the danger of energizing equipment from and near the heating unit;

k.  Failing to remove the hose from close proximity to the heating unit before damage to the hose occurred;

l.  Failing to timely inspect the job site and premises to discover a pressurized hose was in close proximity to the heating unit;

m.  Allowing the pressurized equipment used by Plaintiff to be moved within close proximity of a heating source;

n.  Failing to promptly de-energize the heating unit when it was observed to be in close proximity to other construction equipment including the pressurized hose;

o.  Failing to identify and mitigate the dangerous condition of a damaged pressurized hose;

p.  Failing to adopt, enact, employ, and enforce proper and adequate safety programs, precautions, procedures, measures, and plans;

q.  Failing to cease and/or postpone project work until proper and necessary precautions could be taken to safeguard workers, including Plaintiff;

r.  Failing to recommend, provide, and enforce frequent inspections of the job site and work area;

s.  Failing to adopt and/or enforce a site-specific safety plan;

t.  Failing to ensure that all contractors performed all work in accordance with OSHA regulations;

u.  Failing to establish and enforce safe work practices and procedures;

v.  Failing to ensure job safety practices and procedures took place;

w.  Failing to have an adequate pre-job worksite inspection program to discover hazardous conditions;

x.  Failing to prevent construction equipment from coming into close contact with the heating unit;

y.  Failing to inspect the job site and worksite to ensure the heating unit did not come into close proximity of the pressurized hose;

z.  Allowing the heating unit to be placed in a location which increased the likelihood of damage occurring to other construction equipment;

aa. Failing to intervene when construction equipment was moved creating a dangerous condition;

bb. Failing to ensure that Plaintiff understood and was made aware of the hazards to which he might be exposed and the proper methods for avoiding such hazards;

cc. Failing to provide safe and functional electricity to the job site;

dd. Failing to hire, train, and retain competent persons to recognize, identify, and mitigate dangerous conditions;

ee. Breaching its duties under the Restatement of the Law of Torts (Second), including § 411; and

ff. Breaching its duties under the Restatement of the Law of Torts (Second), including §§ 416 and 427.

40.     As a direct, proximate, and foreseeable result of Defendant LTF's carelessness and negligence, Plaintiff suffered severe injuries and damages as set forth above for which Defendant LTF is liable.

WHEREFORE, Plaintiff, Keith Sevick, demands compensatory damages against Defendant, LTF Construction Company, LLC d/b/a Life Time Construction, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.


Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY: _____

COLIN BURKE, ESQUIRE
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
*Attorney for Plaintiff*

Dated:  February 8, 2021